1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

12
SCOTT C. SMITH,

13                          Plaintiff,

14              v.

15 TRACY SCHNEIDER and BRIAN
   PETERSON,

16                          Defendants.

CASE NO.  C10-5228RBL

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL

17

18        This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§

19 636(b) (1) (A) and 636(b) (1) (B) and Local Magistrate Judge's Rules MJR 1, MJR 3, and MJR

20 4.  The matter is before the court on plaintiff's Motion to Compel Discovery (Doc. 29), which

21 was filed and served on or about August 13, 2010.

22        Plaintiff's motion to compel seeks an order from the court to direct defendants' counsel

23 to respond to a discovery request for production of documents, which was allegedly served on or

24 about April 4, 2010.  The court notes plaintiff has not provided the court with a copy of the

25 discovery request which would allow the court to review the matter in more detail.

26

ORDER - 1

At the time the discovery request was made the only defendant named in the complaint was the Washington State Department of Corrections. See Complaint (Doc. 3). On the same day plaintiff served his discovery request, April 4, 2010, defendant filed a motion to dismiss (Doc. 7). In response to the motion, plaintiff asked for leave to file an amended complaint, which the court granted. Doc. 21. Plaintiff's Amended Complaint (Doc. 22) was filed on June 14, 2010.

Significantly, the Amended Complaint names only two defendants -- Tracy Schneider and Brian Peterson -- both of whom allegedly are employed by the Washington State Department of Corrections at the Clallam Bay Corrections Center. The Amended Complaint does not name the Washington State Department of Corrections as a defendant, which was presumably the party named and served with plaintiff's motion to compel. Accordingly, the production request served a party that is no longer named as a defendant and appears to be moot.

In response to the motion to compel, defendants' attorney argues plaintiff failed to confer, as required by Local Rule 37(a)1(A), which states:

> A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in GR 3 of these rules.

(Emphasis added).

The court notes that plaintiff sent several letters to defendants' counsel asking for response to his discovery requests and that defendants responded, stating the requests would be replied to, but that more time was necessary. Plaintiff's letters are not adequate substitutes for a face to face or telephone conference as required in the local rule. The court also notes that defendants stated in their response to the motion that regardless to whom the discovery request was

ORDER - 2

1   sent, defendants are willing to discuss with plaintiff providing discovery reasonably calculated to

2   lead to admissible evidence as to the claims he has brought against them as individuals, which

3   admittedly may overlap to some extent his discovery requests to former defendant State of

4   Washington.

5          In sum, plaintiff's motion to compel must be DENIED.  The production request was served

6   on a party that no longer is a defendant and plaintiff has failed to confer by telephone or face to face

7   with defendants' counsel as required by the local rules.  The parties are encouraged to proceed with

8   discovery and the court expects defendants' counsel to coordinate with plaintiff's prison

9   counselor to facilitate the necessary communication and avoid similar disputes during this

10  process.

11         DATED this 1st day of October, 2010.

12

13

14

15                                                J. Richard Creatura
                                                  United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

ORDER - 3