UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT C. SMITH,<br><br>                          Plaintiff,<br><br>    v.<br><br>TRACY SCHNEIDER and BRIAN PETERSON,<br><br>                         Defendants. | No. 10-CV-5228-RBL<br><br>ORDER DENYING MOTION IN LIMINE, GRANTING MOTION FOR LEAVE TO DEPOSE, and DENYING APPOINTMENT OF COUNSEL<br><br>[Dkts. #56, 68, 72] |

## **Motion in Limine**

Plaintiff requests exclusion of an audio recording of the letter at issue in this case because the original letter was destroyed. Apparently, the Department of Corrections treated the letter as "contraband" and destroyed the letter pursuant to policy—but only after reading its contents into the record at a disciplinary hearing. Pl.'s Resp., Ex. 2 [Dkt. # 58]. Plaintiff asserts that the letter should not have been destroyed pursuant to RCW 72.02.260, which states:

> Whenever the superintendent of an institution withholds from mailing letters written by inmates of such institution, the superintendent shall forward such letters to the secretary of corrections or the secretary's designee for study and the inmate shall be forthwith notified that such letter has been withheld from mailing and the reason for so doing. Letters forwarded to the secretary for study shall either be mailed within seven days to the addressee or, ***if deemed objectionable by the secretary, retained in a separate file for two years and then destroyed***.

Wash. Rev. Code § 72.02.260 (emphasis added). Defendant asserts that the letter was read at the disciplinary hearing over Plaintiff's request to stipulate to its contents. Plaintiff now "hotly disputes" the contents of the recording.

Order - 1

Whether or not the Department should have retained the letter is a question separate from the accuracy of the recording. The recording, in any event, constitutes a transcript of the disciplinary hearing, and while not authenticated evidence of the contents of the letter itself, may be admitted as evidence relevant to Plaintiff's claims of violations of due process. A factfinder may judge the credibility of those persons in the recording and be permitted to infer the contents of Plaintiff's letter from the recording. The Court therefore **DENIES** the motion in limine.

### **Motion for Leave to Depose Defendants**

Plaintiff seeks leave to conduct telephonic depositions using a Department of Corrections notary to issue oaths to the witnesses and using his own recording equipment, pursuant to Federal Civil Rule 30(a)(2)(B). Defendant does not object to depositions, but appears concerned that costs may be shifted.

The Court hereby **GRANTS** leave to take telephonic depositions. The parties are strongly encouraged to stipulate to mutually-agreeable terms, provided however, that Plaintiff must bear the costs of transcribing any portions of the testimony that he intends to rely upon.

### **Motion to Appoint Counsel**

A court may appoint counsel to an indigent party in a civil case only in "exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This test requires consideration of both the likelihood of success on the merits and the ability of the party to present his claims *pro se*. The case before the Court is relatively simple, the facts are largely uncontested. Given the evidence at hand, the Court cannot find a likelihood of success, and thus, the Court **DENIES** the motion.

*//*
*//*
*//*
*//*
*//*
*//*
*//*

Order - 2

## **Conclusion**

For the reasons stated above, the Court **DENIES** the motion in limine [Dkt. # 56] and the motion to appoint counsel [Dkt. # 72] and **GRANTS** the motion for leave to conduct depositions [Dkt. #68].

Dated this 28th day of March 2012.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE